

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00074-CV

_____

CIT PARTNERS, LLC, Appellant

V.

JOHNSON CAPITAL GROUP, INC., Appellee

On Appeal from the 159th District Court
Angelina County, Texas
Trial Court No. CV-00619-11-06

Before Morriss, C.J., Carter and Moseley, JJ.

# O R D E R

All Texas courts are responsible for encouraging the peaceable resolution of disputes and the early settlement of pending litigation through voluntary settlement procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.002, 154.003 (West 2011) (public policy favors alternative dispute resolution). Mediation provides one such forum through which parties may achieve early settlement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.023 (West 2011). We have been notified by counsel for both parties to this appeal that they believe mediation may be of value in this case.[1] In accord with our obligation under Section 154.003, we refer this case and the parties to mediation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.021 (West 2011) (detailing court's referral authority).

We enclose a list of mediators[2] for review by counsel and the parties. One purpose of mediation is to abbreviate the length of the appellate process. Accordingly, within ten days of the date of this order, the parties shall seek to agree on one of these individuals to act as mediator, contact him or her to proceed with the mediation, and immediately inform this Court of their chosen mediator or of their inability to agree on a mediator (in which case we will appoint one). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.051 (West 2011) (detailing court's authority to appoint mediator). The parties and mediator shall arrange a date, time, and location for the mediation, and the parties and their counsel shall attend and participate in the dispute resolution process at the time and on the date scheduled.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.022(b) (West 2011) (parties may object to mediation referral).

[2] Each mediator on the list has extensive legal training and experience evidencing the ability to execute the duties of a mediator. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.052(c) (West 2011).

If a party believes a different form of alternative dispute resolution other than mediation would be more appropriate, that party may, within seven days of the date of this order, file a motion seeking that form of alternative dispute resolution. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.021(b).

Any objection regarding this order shall be filed within ten calendar days of the date of the order. The mediation shall be completed by no later than August 23, 2013. No later than seven calendar days following the mediation, the parties shall deliver a report to this Court detailing the results of the mediation.

Fees for the mediation are to be agreed on by the parties and the mediator and shall be divided and borne equally by the parties unless agreed otherwise. Fees shall be paid by the parties directly to the mediator. Unless otherwise agreed, such fees shall be taxed as costs on approval of this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.054(b) (West 2011).

The current appellate timetables are hereby suspended pending the occurrence of one of the following: (1) receipt by this Court of notice of a successful mediation, (2) receipt by this Court of notice of an unsuccessful mediation, or (3) receipt by this Court of no notice by August 30, 2013.

To facilitate mediation, we internally abate this appeal until this Court receives notice of either a successful or unsuccessful mediation or until August 30, 2013, whichever occurs first. The internal abatement will lift and the appellate timetables will resume on that date.

IT IS SO ORDERED.

BY THE COURT

Date:  July 24, 2013